Hiram Pearsons, appellant *v.* Nelson Lee, appellee.

*Appeal from Cook.*

The copy of an agreement or instrument in writing, attached to a declaration or filed with it, forms no part of the declaration.

A variance between the agreement declared on, and the declaration, should be taken advantage of on the trial by a demurrer to evidence, or a motion for a nonsuit.

An agreement to attend a public land sale of the United States, and purchase a tract of land, is not fraudulent or against the laws of the U. S.

A declaration averring that L., for the consideration of $200 to be paid by P., engaged to attend the sale of the public lands at C., at a certain day named, and bid off a quarter section of land provided it could be purchased for eight

(1) *Post.*

Q

dollars an acre,—and averring that P. was ready on his part to pay the $200, and that although the lands sold for less than eight dollars per acre, L. did not purchase the same &c., is good on general demurrer.

THIS was an action of *assumpsit* commenced in the Cook Circuit Court, by the appellant against the appellee, upon an agreement in writing signed by the appellee only.

The cause was decided at the October term, 1835, by the Hon. Stephen T. Logan, and a judgment for costs rendered for the appellee.

A. COWLES and G. SPRING, for the appellant.

E. PECK, for the appellee, contended,

1. That the declaration shows no sufficient consideration.

2. That the declaration disclosed a contract all on one side, in contravention of the common law; and of the laws of the United States, regulating the sale of public lands.

3. That the agreement is against good policy, and *contra bonos mores.*

SMITH, Justice, delivered the opinion of the Court:

This was an action of *trespass on the case on promises.*

The declaration is on a special agreement in writing not under seal, and is described to have been entered into between the plaintiff and defendant for the purchase, sale, and conveyance of a certain quarter section of land; and it also avers that the defendant, for the consideration of two hundred dollars, to be paid by the plaintiff, engaged to attend the sale of the public lands at the town of Chicago, at a certain day named, and bid off the said quarter section; provided it could be purchased for a sum not exceeding eight dollars per acre, and to request the Register of the Land Office at said place to grant a certificate to said plaintiff in his name, on the payment of the purchase money by the plaintiff to the Register; or if, on such payment, the certificate was issued to defendant, then he engaged to execute a good and sufficient warranty deed for said land. The breach assigned is that although the plaintiff was ready on his part to pay the two hundred dollars, and although the land sold for less than eight dollars per acre at such sale, yet the defendant did not and would not purchase said land, nor had he requested the Register to make the certificate to said plaintiff; nor would he execute a good and sufficient warranty deed for the same land, or of any part thereof to the plaintiff, according to the tenor and effect of said agreement, although often requested, &c. To this declaration a general demurrer was interposed, and the Circuit Court adjudged the declaration bad. To the declaration is annexed a copy of the agreement, and if the Court were permitted to look to that copy, which it cannot see with legal eyes, because it has

been constantly decided by this Court to form no part of the declaration, it might perceive that the agreement is signed by the defendant only, and is not binding on the plaintiff, and therefore void for want of mutuality; but on that point it can give no opinion, because it is not before the Court. If the defendant had wished to have presented that question, he should have taken issue, and taken advantage of it either by a demurrer to the evidence, or moved for a nonsuit on the trial for a variance between the count and the instrument declared on. This not having been done, the only question to be determined, is, whether the declaration is substantially good. No objection that can be perceived, exists to the declaration which would be available on a general demurrer, and for aught that appears, it is sufficient. Nor are we prepared to say that the contract, as stated in the count, is either *contra bonos mores*, or against any public law.

The contract, as laid, proposes, so far as is disclosed to the Court, no more than the employment of an agent to purchase a piece of public land at the public sale, at a price stipulated, not only above the minimum price, but greatly so, at which the public lands may be sold, for a stipulated compensation, and to vest the title in the plaintiff. Here, then, is surely no combination to lessen the price, nor an arrangement not to bid against one another. The agreement presupposes a competition, because the agent is confined to not giving more than $8 per acre. How then can this be said to be in violation of the statutes of the United States, prohibiting combinations to lessen the price of public lands? In what way can it operate to the injury of the public morals? Surely a person may legally depute another to bid for him, for the public lands, for any or no compensation, without violating any public law or contravening, in the least, principles of public policy, or without injury to public morals. It seems to be as free from such an imputation, as can possibly be imagined; and without extraneous evidence, to show that such was the intention and real object of the parties, can fraudulent motives be imputed without proof, and in the entire absence of any supposed reasonable motive?

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings. The appellant recovers costs.

*Judgment reversed.*